# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>PLAINTIFF,<br>v.<br><br>QUAN NGUYEN and BINH NGUYEN, individually, and "SUPER 6" TOKYO AUTO SERVICES, INC., a corporation,<br><br>DEFENDANTS. | CIVIL ACTION NO. CIV-17-689<br><br><br><br>COMPLAINT |

Plaintiff, R. Alexander Acosta, Secretary, United States Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or "the Act") to enjoin Defendants from violating the provisions of sections 6, 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, 211, & 215, and to restrain Defendants from withholding payment of minimum wage and overtime compensation due 1) Defendants' employees, named in Exhibit A, for the period of time between March 3, 2014, and March 1, 2016, and 2) Defendants' employees, including but not limited to those persons named in Exhibit A, for the period of time between March 1, 2016 (the close of Plaintiff's investigation), and the date of judgment, together with an equal additional amount as liquidated damages. In support thereof, Plaintiff states as follows:

## I. THE PARTIES

1. Plaintiff R. Alexander Acosta is the Secretary of Labor, United States Department of Labor, and is authorized to enforce the provisions of the FLSA, and to recover back wages and seek injunctive relief on behalf of employees employed in violation of the FLSA's minimum wage,

overtime, and record keeping provisions. 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5), and 217.

2. Defendant Quan Nyugen, an individual, resides in New Mexico, and at all times hereinafter mentioned was the owner, manager, director, and president of the corporate Defendant. He acted directly or indirectly in the interest of the corporate Defendant in relation to its employees by setting policies and procedures, making hiring and firing determinations and compensation decisions, and handling payroll. Quan Nguyen is an employer as defined in §3(d) of the FLSA.

3. Defendant Binh Nyugen, an individual, resides in New Mexico, and at all times hereinafter mentioned was a director, vice president, manager and supervisor for the corporate Defendant. He acted directly or indirectly in the interest of the corporate Defendant in relation to its employees by setting policies and procedures, making hiring and firing determinations, supervising the day to day activities of employees, and handling timesheets and payroll. Binh Nguyen is an employer as defined in §3(d) of the FLSA.

4. Defendant, "Super 6" Tokyo Auto Service, Inc. ("Super 6"), is and at all times hereinafter mentioned a New Mexico corporation with a principal place of business at 8500 Central Ave SE, Albuquerque, New Mexico, 87108, within the jurisdiction of this Court, and at all times hereinafter mentioned, provided auto repair services to the general public.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the individual Defendants reside in this Judicial District and the corporate Defendant has its principal office in this Judicial District.

### III. FLSA STATUTORY COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

### IV. MINIMUM WAGE VIOLATIONS

9. Defendants violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay to certain of their employees, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than the federal minimum wage since at least March 3, 2014. Defendants violated the FLSA's federal minimum wage requirement by making arbitrary and illegal deductions from employees' hours which resulted in some employees being paid less than the required minimum wage. Defendants also improperly converted hours worked on timesheets to decimal format. For instance, if an employee worked eight hours and 15 minutes, the Defendants converted the total time for the day as 8.15 hours, rather than 8.25 hours. This practice resulted in some employees being paid less than the required minimum wage.

## V. OVERTIME VIOLATIONS

10. Defendants violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2) by employing certain of their employees in an enterprise engaged in commerce or in the production of goods for commerce, since at least March 3, 2014, without compensating said employees overtime wages for their employment in excess of forty (40) hours in such workweeks. Specifically, Defendants violated the FLSA's overtime provisions by paying hourly employees overtime after 80 hours worked in a pay period, rather than after 40 hours worked in a single work week. Defendants also improperly utilized the overtime exemption in Section 7(i) of the FLSA when the regular rate of pay of commissioned mechanics was not in excess of one and one-half times the minimum wage in certain workweeks as required by 29 C.F.R. § 779.419. Pursuant to this regulation, if the regular rate of pay for any workweek is not more than one and one-half times the federal minimum hourly rate there is no overtime pay exemption for that workweek. Finally, Defendants' practice of improperly converting hours worked on timesheets to decimal format also resulted in overtime violations as some employees were not paid the full amount of overtime due based on the hours worked. *See* paragraph 9 above.

## VI. RECORD KEEPING VIOLATIONS

11. Defendants, employers subject to the provisions of the FLSA, violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to properly maintain records relating to overtime and failed to identify the names of employees exempt from overtime pursuant to 29 C.F.R. §§ 516.2 and 516.16. Defendants also failed to select

a representative period to determine whether the provisions of Section 7(i) have been met pursuant to 29 C.F.R. § 779.420.

## VII. PRAYER FOR RELIEF

12. As a result of the violations alleged in paragraphs 9-11 above, unpaid minimum wages and overtime compensation is owing from Defendants to certain of Defendants' present and former employees including but not limited to those persons specifically named in Exhibit A, and incorporated herein by reference, for the period of March 3, 2014 to March 1, 2016.

13. Inasmuch as the violations may be continuing, additional amounts for unpaid minimum wages and overtime compensation are accruing for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from March 1, 2016, to the present.

14. Defendants have violated the FLSA. An order enjoining the alleged violations and restraining the withholding of unpaid minimum wages and overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid minimum wage and overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

B. For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay

Plaintiff a sum equal to the unpaid minimum wage and overtime compensation due Defendants' employees for the period from March 3, 2014 to March 1, 2016; and such additional amounts as may be found by this Court to be due for the period from March 1, 2016, until the date of judgment; and for equal additional amounts as liquidated damages;

C. In the event liquidated damages are not awarded, an order pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid minimum wage and overtime compensation due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D. A monetary award to Plaintiff for the costs of this action; and

E. Such other and further relief as this Court deems just and appropriate.

Dated this 30th day of June, 2017.

                                              Respectfully submitted,

                                              JAMES D. TIERNEY
                                              Acting United States Attorney

                                              */s/ Electronically Filed on 6/30/17*
                                              MICHAEL H. HOSES
                                              Assistant United States Attorney
                                              P.O. Box 607
                                              Albuquerque, NM 87103
                                              (505) 224-1455
                                              michael.hoses@usdoj.gov