# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>PLAINTIFF,<br>v.<br><br>QUAN NGUYEN AND BINH NGUYEN, individually, and "SUPER 6" TOKYO AUTO SERVICES, INC., a corporation,<br><br>DEFENDANTS. | CIVIL ACTION NO. 1:17-cv-689 MCA/JHR<br><br><br>CONSENT JUDGMENT AND INJUNCTION |

Plaintiff, R. ALEXANDER ACOSTA, the Secretary of Labor, United States Department of Labor ("Plaintiff"), investigated Defendants for compliance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"). On June 30, 2017, Plaintiff filed a Complaint alleging that up to June 30, 2017, Defendants violated the FLSA by failing to pay minimum wage and overtime wages for hours worked in excess of 40 in a workweek. Plaintiff alleged that Defendants failed to properly apply the 7(i) exemption for their commissioned mechanics, made arbitrary and illegal deductions from employees pay, and failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment. Plaintiff and Defendants, having appeared by counsel, agree to the entry of this Consent Judgment and Injunction to resolve all allegations made by Plaintiff in this matter.

NOW, therefore, upon the joint motion of Plaintiff and Defendant, it is hereby:

**ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), 29 U.S.C. § 217, that Defendants, their officers, agents, servants, employees, and all persons in active concert or

1

participation with them are hereby permanently enjoined and restrained from violating any of the provisions of the FLSA, including the minimum wage, overtime, record-keeping, child labor, and retaliation provisions, 29 U.S.C. §§ 206, 207, 211(c), & 215(a)(2)-(5). Specifically:

## I. PERMANENT INJUNCTION
### (Compliance with the FLSA)

A. Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, pay any of their employees, who in any workweek are engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA);

B. Defendants shall not, contrary to sections 7 and 15(a)(2) of the FLSA, employ any non-exempt employees in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours without compensating such non-exempt employees for their employment in excess of forty (40) hours per workweek at rates not less than one and one-half times the regular rates at which they are employed.

C. Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of their non-exempt employees, and of the wages, hours, and other conditions and practices of employment as prescribed by the regulations issued and from time to time amended pursuant to section 11(c) of the FLSA (29 C.F.R. Part 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

D. Defendants shall not, contrary to sections 12(c) and 15(a)(4) of the FLSA, employ, suffer or permit minors to work in commerce or in the production of goods for

commerce, or in any enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA under conditions constituting oppressive child labor as defined in section 3(l) of the FLSA, 29 U.S.C. § 203(l), and in occupations therein declared to be hazardous as defined in the regulations found at 29 C.F.R. § 570 (Subparts C and E).

E.  Defendants shall not, contrary to section 15(a)(3), in any way discriminate, retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken, against any employee who exercises or asserts his or her rights under the FLSA (including without limitation, providing information to any public agency investigating compliance with the FLSA, filing any complaint or instituting or causing to be instituted any proceeding under or related to the FLSA, testifying or preparing to testify in any such proceeding, or serving or preparing to serve on an industry committee).

F.  Violation of any paragraph herein may subject Defendants to equitable and legal damages, including civil contempt.

## II. FLSA MONETARY RELIEF

Upon the joint motion of Plaintiff and Defendants, it is **FURTHER, ORDERED, ADJUDGED, AND DECREED,** pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c) AS FOLLOWS:

A.  Defendants shall pay to Plaintiff the sum of $14,750.11 which represents unpaid back wages for the period up to June 30, 3017 , to the employees named and in the amounts set forth in Exhibit A, attached hereto and made a part hereof. Defendants are responsible for the employer's share of the FICA tax with regard to the back wages distributed by Plaintiff and any other applicable taxes that may be due to the appropriate State and Federal Revenue authorities.

Defendants shall also make deductions for each employee's share of Social Security and Federal withholding taxes.

B.   Defendants shall further pay to Plaintiff the sum of $7,375.08 which represents liquidated damages for the period up to June 30, 2017, to the employees named and in the amounts set forth in Exhibit A. The liquidated damages payments are not wages and therefore are not subject to such withholdings but will be reported as non-wage compensation on an IRS form 1099.

C.   Defendants shall pay the back wages and liquidated damages no later than January 15, 2018, by delivering to Plaintiff a certified check or cashier's check made payable to each individual employee or US DOL WHD (i.e. "John Doe or US DOL WHD") in the amounts attached in Exhibit A. The payments shall be forwarded to the U.S. Department of Labor, Wage and Hour Division, P.O. Box 907, Albuquerque, NM 87103 (noting "Super 6, 1:17-cv-689" on each check). The Wage and Hour Division will forward payments directly to the employees listed in Exhibit A. If Defendants' payment is more than five (5) business days late, Defendants will be in default. Any defaulted balance shall be subject to the assessment of interest and penalty interest rates, and collection costs, as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) as further addressed at ¶ II(H).

D.   Upon receipt of the full payment of back wages and liquidated damages, Plaintiff's counsel will file with the Court a certificate of payment.

E.   Any sums, which cannot be distributed to the employees, or to their personal representatives because of the inability of either Plaintiff or Defendants to locate the proper persons or because of any person's refusal to accept payment, shall be deposited by Plaintiff in a special deposit account to be paid to the rightful employee. If such sums are not claimed by the

employee (or a personal representative of the employee) within three years, Plaintiff shall deposit them into the United States Treasury as miscellaneous receipts.

F. So long as the payments provided for herein are timely made, and upon receipt of proof of payment of Defendants' share of federal and state tax withholdings for the back wage amounts owed, Plaintiff will bring no other claims, nor pursue any additional action on claims previously made in any forum against Defendant or its officers, agents or employees for the payment of back wages, liquidated damages, injunctive relief or civil money penalties, pursuant to the FLSA, for any alleged violations occurring during the time period from March 3, 2014, to June 30, 2017.

G. Defendants shall not request, solicit, suggest or coerce, directly or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due from the Defendants under the provisions of this judgment or the FLSA.

H. This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Improvement Act of 1996 and departmental policies. Interest will be assessed at the Treasury Tax and loan account rate on any principal that becomes delinquent. This rate is currently 1.00%. Administrative cost charges will be assessed to

help defray the Government's cost. A penalty at the rate of 6.00% will be assessed on any portion of the debt remaining delinquent for more than 90 days. In the event of default, the Department intends to pursue additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

### III. Miscellaneous Provisions

A. By entering into this Judgment and Injunction, except as expressly otherwise provided for herein, the United States Department of Labor does not waive its right to conduct future investigations under the FLSA and to take appropriate enforcement action with respect to any past, present, or future violations disclosed by such investigations, including, but not limited to, assessment of civil money penalties.

B. In the event Defendants fail to comply with the monetary terms set out in Section II, the right of Defendants' employees named in Exhibit A to bring an action under Section 16(b) of the Fair Labor Standards Act 29 U.S.C. § 216(b), shall be restored, subject to appropriate offset for payments made, and neither the filing of this action nor the entry of this judgment shall bar such action and the statute of limitations in the action brought by these employees shall be tolled from June 30, 2015, to June 30, 2017. The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of the Secretary of Labor, or any employees of Defendants, in any action filed by the Secretary of Labor, or by an employee, under the Act covering violations alleged to have occurred after June 30, 2017.

C. This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of the judgment.

D. **FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any costs referenced under the Equal Access to Justice Act, as amended.

DATED_____

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT COURT JUDGE

Entry of the foregoing judgment and injunction is hereby consented to:

FOR THE SECRETARY OF LABOR:

NICHOLAS C. GEALE
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

JOHN RAINWATER
Associate Regional Solicitor

LYDIA TZAGOLOFF
Wage Hour Counsel

/s/ Karen E. Bobela                           DATED: 12-15-17
Karen E. Bobela
Trial Attorney

Office of the Solicitor
U.S. Department of Labor
1244 Speer Boulevard, Suite 515
Denver, CO 80204

The undersigned represents he is the person named below and has the authority to sign this document on behalf of "Super 6" Tokyo Auto Services, Inc., and consents to the entry of this Consent Judgment and Injunction on behalf of the named defendants herein.

7

FOR THE DEFENDANTS:

"SUPER 6" TOKYO AUTO SERVICES, INC., a corporation,
Quan Nguyen, individually,
Binh Nguyen, individually,

By: _____
    Quan Nguyen, Owner

By: _____
    Binh Nguyen

DATED: 12/15/2017

AS TO FORM ONLY

_____    DATED: 12/15/17
REPPS STANFORD, Attorney

Moody & Warner, P.C.
4169 Montgomery Blvd N.E.
Albuquerque, NM 87109

Attorneys for Defendants

8

Summary of Unpaid Wages  U.S. Department of Labor
Wage and Hour Division



| Office Address: Albuquerque NM District Office US Dept. of Labor, Wage & Hour Div P.O. Box 907 500 Gold SW Suite 12000 Albuquerque, NM 87103 505-248-6100 | | | Investigator: Steven Salazar | | | Date: 12/07/2017 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 35-2218387 | |
| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BW Agreed | 6. LD Agreed | Total |
| 13. Romero, Flor | 813 Florida St SE Albuquerque, NM 87108 | 03/16/2014 to 02/21/2016 | FLSA | $423.44 | $211.72 | $635.16 |
| | | | | $423.44 | $211.72 | $635.16 |
| 14. Salas, Paul | 5422 Charleston SE #2 Albuquerque, NM 87108 | 08/16/2015 to 02/07/2016 | FLSA | $740.60 | $370.31 | $1,110.91 |
| | | | | $740.60 | $370.31 | $1,110.91 |
| 15. Sanderson, Randall | 10600 Central Ave TRL 49 Albuquerque, NM 87113 | 11/15/2015 to 02/21/2016 | FLSA | $1,089.74 | $544.87 | $1,634.61 |
| | | | | $1,089.74 | $544.87 | $1,634.61 |

| I agree to pay the listed employees the amount due shown above by 01/08/2018 Signed: _Luar_ Date: 12/15/17 | Employer Name and Address: Super 5 Tokyo Auto Service Super 5 Tokyo Auto Service, Inc 8500 Central Ave SE Albuquerque NM 87108 | Subtotal: | $2,253.78 | $1,126.80 | $3,380.68 |
|---|---|---|---|---|---|
| | | Total: | $14,750.11 | $7,375.08 | $22,125.19 |

Form WH-56A

EXHIBIT A

# Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Albuquerque NM District Office<br>US Dept. of Labor, Wage & Hour Div<br>P.O. Box 907<br>500 Gold SW Suite 12000<br>Albuquerque, NM 87103<br>505-248-6100 | | Investigator:<br>Steven Salazar | | Date:<br>12/07/2017 | |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 35-2218387 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BW Agreed | 6. LD Agreed | Total |
|---|---|---|---|---|---|---|
| 7. Krim, Joseph | 1101 Palomas SE #35<br>Albuquerque, NM 87108 | 11/30/2014 to 02/21/2016 | FLSA | $2,622.34 | $1,311.17 | $3,933.51 |
| | | | | $2,622.34 | $1,311.17 | $3,933.51 |
| 8. Martinez, Rafael | 7206 Isleta Vlbd SW<br>Albuquerque, NM 87105 | 03/16/2014 to 11/01/2015 | FLSA | $692.11 | $346.06 | $1,038.17 |
| | | | | $692.11 | $346.06 | $1,038.17 |
| 9. Molinar, Erik | 29 Campbell<br>Los Lunas, NM 87031 | 08/02/2015 to 09/06/2015 | FLSA | $26.82 | $13.41 | $40.23 |
| | | | | $26.82 | $13.41 | $40.23 |
| 10. Montoya, James | 472 Meadowlake Road<br>Los Lunas, NM 87031 | 03/09/2014 to 02/21/2016 | FLSA | $1,322.40 | $661.20 | $1,983.60 |
| | | | | $1,322.40 | $661.20 | $1,983.60 |
| 11. Mutter, Adam | 414 Louisiana SE Apt 5<br>Albuquerque, NM 87108 | 04/06/2014 to 02/21/2016 | FLSA | $1,189.18 | $594.59 | $1,783.77 |
| | | | | $1,189.18 | $594.59 | $1,783.77 |
| 12. Phou, Sovandy | 9629 Edith Blvd NE<br>Albuquerque, NM 87113-2336 | 03/16/2014 to 02/21/2016 | FLSA | $998.45 | $499.23 | $1,497.68 |
| | | | | $998.45 | $499.23 | $1,497.68 |

| I agree to pay the listed employees the amount due shown above by 01/08/2018<br>Signed: _Luu_<br>Date: 12/15/17 | Employer Name and Address:<br>Super 6 Tokyo Auto Service<br>Super 6 Tokyo Auto Service, Inc<br>8500 Central Ave SE<br>Albuquerque NM 87108 | Subtotal: | $6,851.30 | $3,425.66 | $10,276.96 |
|---|---|---|---|---|---|



| Office Address: | Albuquerque NM District Office<br>US Dept. of Labor, Wage & Hour Div<br>P.O. Box 907<br>500 Gold SW Suite 12000<br>Albuquerque, NM 87103<br>505-248-6100 | | Investigator:<br>Steven Salazar | | | Date:<br>12/07/2017 | |
|---|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 35-2218387 | | |
| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BW Agreed | 6. LD Agreed | Total | |
| 1. Bilagody, Tyrone | 3508 Tyson PI NE<br>Albuquerque, NM 87107 | 04/06/2014 to 01/24/2016 | FLSA | $3,635.34 | $1,817.67 | $5,453.01 | |
| | | | | $3,635.34 | $1,817.67 | $5,453.01 | |
| 2. Flores, Edith | 6809 Brindisi Ln NW<br>Albuquerque, NM 87114 | 03/16/2014 to 02/07/2016 | FLSA | $335.80 | $167.90 | $503.70 | |
| | | | | $335.80 | $167.90 | $503.70 | |
| 3. Gurule, Matthew | 409 Hanlon Mountainair<br>Albuquerque, NM 82036 | 06/08/2014 to 02/21/2016 | FLSA | $980.54 | $490.27 | $1,470.81 | |
| | | | | $980.54 | $490.27 | $1,470.81 | |
| 4. Holder, Terry | 3504 Alaska PI NE<br>Albuquerque, NM 87111 | 06/22/2014 to 09/06/2015 | FLSA | $464.81 | $232.41 | $697.22 | |
| | | | | $464.81 | $232.41 | $697.22 | |
| 5. Jerge, Mark | 7316 Autumn Sky SW<br>Albuquerque, NM 87121 | 01/03/2016 to 02/07/2016 | FLSA | $66.56 | $33.28 | $99.84 | |
| | | | | $66.56 | $33.28 | $99.84 | |
| 6. Johnson, Nathan | PO Box 2386<br>Moriarty, NM 87035 | 03/09/2014 to 02/07/2016 | FLSA | $161.98 | $80.99 | $242.97 | |
| | | | | $161.98 | $80.99 | $242.97 | |

I agree to pay the listed employees the amount due shown above by 01/08/2018

Signed: _[signature]_
Date: 12/15/2017

Employer Name and Address:
Super 6 Tokyo Auto Service
Super 6 Tokyo Auto Service, Inc
5500 Central Ave SE
Albuquerque NM 87108

| Subtotal: | $5,645.03 | $2,822.52 | $8,467.55 |

Form WH-56A

Date: 12/07/2017 2:47:24 PM        Case ID: 1784148        Page 1